JUDGE CASTEL

12 CIV 4989

Zachary W. Silverman
EDWARDS WILDMAN PALMER LLP
750 Lexington Avenue
New York, NY 10022
(212) 308-4411

Steven M. Cowley (to be admitted pro hac vice)
Nicholas Soivilien (to be admitted pro hac vice)
EDWARDS WILDMAN PALMER LLP
111 Huntington Avenue
Boston, MA 02199
(617) 239 0100

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



----------------------------------- X
                                    :
ANDREA CARTER-BOWMAN,               :    Civil Action No.
                                    :
                    Plaintiff,      :    **COMPLAINT**
                                    :
        -against-                   :
                                    :    Demand for Jury Trial
ABRAMS MEDIA NETWORK,               :
                                    :
                    Defendant.      :
                                    :
----------------------------------- X

Andrea Carter-Bowman ("Plaintiff"), upon personal information and belief, hereby

alleges for her complaint against Abrams Media Network ("Defendant") the following:

### Nature of the Action

1.    Plaintiff seeks monetary damages and injunctive relief for federal copyright

infringement.

### The Parties

2.    Plaintiff is a foreign citizen domiciled in London, England.

3.     Upon information and belief, Defendant owns or controls Stlyeite, LLC, and Mediaite, LLC, and is a company organized and existing under the laws of the state of New York, and maintains its principal place of business in New York.

### Jurisdiction and Venue

4.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

5.     This Court has jurisdiction over Defendant because Defendant has continuous and systematic contacts with New York, is organized and existing under the laws of the state of New York, and maintains its principal place of business in New York.

6.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1391(c) because a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and because the Defendant's contacts with this judicial district are sufficient to establish personal jurisdiction.

### Facts

7.     Plaintiff is a professional photographer who photographs models and sells the images to various magazines, fashion designers, and beauty product companies.  Her work can be viewed at http://www.andreacarter-bowman.com.

8.     On October 15, 2011, Plaintiff conducted a photo shoot of Charlotte "Lottie" Moss, creating the photographs identified in Exhibit 1 hereto ("Copyrighted Works").

9.     Each of the Copyrighted Works consists of material original with Plaintiff, and each is copyrightable subject matter.

10.     Plaintiff is the owner of all rights, title, and interests to each of the Copyrighted Works.  A true and correct copy of the Copyrighted Works registration is attached hereto as

Exhibit 2. A supplemental registration was obtained on April 12, 2012. A true and correct copy is attached hereto as Exhibit 3.

11.     Lottie Moss is the younger half-sister of the famous fashion model Kate Moss, was thirteen years old at the time of the shoot, and was participating in her first professional photo shoot.

12.     Under section 106 of the Copyright Act of 1976, 17 U.S.C. § 101 et seq. (the "Copyright Act"), Plaintiff has the distinct, severable, and exclusive rights, inter alia, to reproduce, distribute, and publically display the Copyrighted Works. 17 U.S.C. §§ 106(1), (3), & (5).

13.     Upon information and belief, in or about November, 2011, Defendant made and/or caused to be made unauthorized copies of the Copyrighted Works and without permission, consent, or authority, displayed the Copyrighted Works on two of its websites, www.styleite.com and www.mediaite.com.

14.     On December 21, 2011 counsel representing Plaintiff's interests sent Defendant a letter, in which Plaintiff demanded that Defendant cease and desist from engaging in its infringing activity and compensate Plaintiff for its unauthorized use up until that point.

15.     On December 28, 2011, counsel for Defendant sent Plaintiff's representative an email, stating that it had removed all infringing photos on its www.styleite.com, but made no mention of whether it would remove the Copyrighted Works from its other website www.mediaite.com, nor offered any compensation.

16.     On January 9, 2012, Plaintiff's representatives sent another letter to Defendant inquiring as to the status of the Copyrighted Works on www.mediaite.com, and as to Plaintiff's demand for fair compensation for the unauthorized use.

17.    On information and belief, Defendant removed the Copyrighted Works from its websites but in their place, on both websites, provided a link to www.fashionising.com, where all of the Copyrighted Works are displayed without permission.

## COUNT I
### Direct Copyright Infringement

18.    Plaintiff realleges and incorporates herein by reference each and every allegation of paragraphs 1 through 17 as though fully set forth herein.

19.    Defendant was aware that Plaintiff had an exclusive right to display the Copyrighted Works.

20.    Defendant's unauthorized copying of the Copyrighted Works constitutes direct infringement of Plaintiff's exclusive rights under the Copyright Act to reproduce the Copyrighted Works.

21.    Defendant's unauthorized displaying of the Copyrighted Works constitutes direct infringement of Plaintiff's exclusive rights under the Copyright Act to publically display the Copyrighted Works.

22.    Defendant's conduct constitutes infringement of Plaintiff's copyrights and exclusive rights in the Copyrighted Works in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

23.    The infringement of Plaintiff's rights in and to each of the Copyrighted Works constitutes a separate and distinct act of infringement.

24.    As a direct and proximate result of the infringements by Defendant of Plaintiff's copyrights and exclusive rights in the Copyrighted Works, Plaintiff is entitled to her actual damages and Defendant's profits pursuant to 17 U.S.C. § 504(b).

25.     Due to the willful infringement, Plaintiff is entitled to the maximum statutory damages allowed pursuant to 17 U.S.C. § 504(c) with respect to each work infringed.

26.     Defendant's conduct has caused great and irreparable injury to Plaintiff, and unless enjoined by this Court may cause more injury that cannot fully be compensated in money. Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to injunctive relief prohibiting further infringements of Plaintiff's copyrights.

27.     Plaintiff is entitled to her attorney's fees and costs pursuant to 17 U.S.C. § 505.

## COUNT II
### Contributory Copyright Infringement

28.     Plaintiff realleges and incorporates herein by reference each and every allegation of paragraphs 1 through 27 as though fully set forth herein.

29.     Defendant was aware that Plaintiff had an exclusive right to display the Copyrighted Works.

30.     By creating a link on not one, but both of its websites to another website where the Copyrighted Works are being displayed without permission, Defendant is enabling, inducing, facilitating, and materially contributing to each act of infringement by infringing users. Defendant's conduct constitutes contributory infringement of Plaintiff's copyrights and exclusive rights in the Copyrighted Works in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

31.     Defendant's acts of contributory infringement have been willful, intentional, and purposeful, in reckless disregard of and with indifference to Plaintiff's rights in that Defendant knew that it did not have the right to use Plaintiff's Copyrighted Works in the manner it used them.

32.     The infringement of Plaintiff's rights in and to each of the Copyrighted Works constitutes a separate and distinct act of infringement.

33.     As a direct and proximate result of the infringements by Defendant of Plaintiff's copyrights and exclusive rights in the Copyrighted Works, Plaintiff is entitled to her actual damages and Defendant's profits pursuant to 17 U.S.C. § 504(b).

34.     Due to the willful infringement, Plaintiff is entitled to the maximum statutory damages allowed pursuant to 17 U.S.C. § 504(c) with respect to each work infringed.

35.     Defendant's conduct has caused great and irreparable injury to Plaintiff, and unless enjoined by this Court will cause additional injury that cannot fully be compensated in money.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. section 502, Plaintiff is entitled to injunctive relief prohibiting further infringements of Plaintiff's copyrights.

36.     Plaintiff is entitled to her attorney's fees and costs pursuant to 17 U.S.C.§ 505.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment and relief as follows:

(i)     Defendant, its officers, agents, servants, employees, representatives, successors, and assignees, and all persons in active convert or participation with them, be enjoined from:

    A.     copying, reproducing, distributing, adapting, or publically displaying the Copyrighted Works;

    B.     posting the full versions or thumbnail versions of the Copyrighted Works on the internet; and

    C.     inducing, causing, materially contributing to and/or profiting from the foregoing acts committed by others;

(ii)   Defendant be ordered to destroy all copies of the Copyrighted Works, electronic or

otherwise, in its possession, custody, or control;

(iii)   Defendant be ordered to remove all links between its websites and all websites that

display the Copyrighted Works and be prohibited from performing advertising and

linking functions for such websites;

(iv)   an award of Plaintiff's actual damages against Defendant;

(v)   an award of statutory damages pursuant to 17 U.S.C. § 504(c);

(vi)   an award of Plaintiff's costs and reasonable attorney's fees pursuant to 17 U.S.C. § 505;

and

(vii)   such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury in this case.

Dated: New York, NY
        June 26, 2012

_____
Zachary W. Silverman
EDWARDS WILDMAN PALMER LLP
750 Lexington Avenue
New York, NY 10022
(212) 308-4411

Steven M. Cowley (to be admitted pro hac vice)
Nicholas Soivilien (to be admitted pro hac vice)
EDWARDS WILDMAN PALMER LLP
111 Huntington Avenue
Boston, MA 02199
(617) 239 0100

Attorneys for Plaintiff

# EXHIBIT 1



















# EXHIBIT 2

Registration #:  VA0001798041
Service Request #: 1-687052081



Liekerish LTD
Melanie Marson
36 Eastcastle Street
London,  W1W 8DP  United Kingdom

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**
## VA 1-798-041

Effective date of registration:

November 22, 2011

## Title

Title of Work:  Andrea Carter-Bowman Photo Shoot - Lottie Moss First Modeling Test - 15 October 2011

Contents Titles:  ACB_lottie_15-10-11 0199_1CROP

ACB_lottie_15-10-11 019_1CROP

ACB_lottie_15-10-11 030_1CROP

ACB_lottie_15-10-11 036_1CROP

ACB_lottie_15-10-11 060_1CROP

ACB_lottie_15-10-11 0677_1CROP

ACB_lottie_15-10-11 067_1CROP

ACB_lottie_15-10-11 071_1CROP

ACB_lottie_15-10-11 104_1CROP

ACB_lottie_15-10-11 149CROP

## Completion/Publication

Year of Completion:  2011

Date of 1st Publication:  November 2, 2011          Nation of 1st Publication:  United Kingdom

## Author

■          Author:  Andrea Carter-Bowman

Author Created:  photograph(s)

Work made for hire:  No

Citizen of:  United Kingdom                    Domiciled in:  United Kingdom

## Copyright claimant

Copyright Claimant:  Andrea Carter-Bowman

Flat 1, 1 Beaufort Street, London, SW3 5AQ, United Kingdom

## Rights and Permissions

Organization Name: Lickerish LTD
Name: Melanie Marson
Telephone: +44-020-7323 1999 (0)
           000 000 0000
Address: 36 Eastcastle Street

London, W1W 8DP United Kingdom

## Certification

Name: Joe G. Naylor
Date: November 22, 2011
Applicant's Tracking Number: C1024

# EXHIBIT 3

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code,*
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America



**Form CA**
For Supplementary Registration
UNITED STATES COPYRIGHT OFFICE

VA 1-432-949

| TX | TXU | PA | PAU | VA | VAU | SR | SRU | RE |

EFFECTIVE DATE OF SUPPLEMENTARY REGISTRATION

*April   12   2012*
Month   Day   Year

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

Title of Work ▼
Andrea Carter-Bowman Photo Shoot - Lottie Moss First Modeling Test - 15 October 2011

| Registration Number of the Basic Registration ▼ | Year of Basic Registration ▼ |
|---|---|
| VA 1-798-041 | 2011 |

Name(s) of Author(s) ▼
Andrea Carter-Bowman

Name(s) of Copyright Claimant(s) ▼
Andrea Carter-Bowman

Location and Nature of Incorrect Information in Basic Registration ▼

Line Number _____      Line Heading or Description _____

Incorrect Information as It Appears in Basic Registration ▼

Corrected Information ▼

Explanation of Correction ▼

Location and Nature of Information in Basic Registration to be Amplified ▼

Line Number **1**      Line Heading or Description **Title of Work**

Amplified Information and Explanation of Information ▼

Requesting to change the Title of Work to:

"Group of 10 Published Photos from Lottie Moss First Modeling Test; Published on 2 November 2011"

Change is significant to amplify that this is a Group of Published Photos and NOT a published unit.

MORE ON BACK ▶  • Complete all applicable spaces (D-G) on the reverse side of this page.
• See detailed instructions.   • Sign the form at Space F.

DO NOT WRITE HERE
Page 1 of ____ pages.

FORM CA

FORM CA RECEIVED

4/11/2012

FUNDS RECEIVED DATE

4/12/2012

EXAMINED BY

CORRESPONDENCE ☐

REFERENCE TO THIS REGISTRATION ADDED TO
BASIC REGISTRATION ☑ YES ☐ NO

FOR
COPYRIGHT
OFFICE
USE
ONLY

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

Continuation of ☐ Part B or ☐ Part C

Correspondence: Give name and address to which correspondence about this application should be sent.

Joe G. Naylor, ImageRights International, Inc.
One Broadway, 14th Floor
Cambridge, MA 02142

Phone ( 617) 381-4939         Fax ( 415) 358-4210         Email joe.naylor@imagerights.com

Deposit Account: If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.

Name

Account Number

Certification* I, the undersigned, hereby certify that I am the (Check only one)
☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☑ duly authorized agent of  Andrea Carter-Bowman

Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

Typed or printed name ▼ Joe G. Naylor                    Date ▼  April 11, 2012

Handwritten signature (X) ▼      *Jon G Nayl*

Certificate
will be
mailed in
window
envelope
to this
address:

Name ▼
Melanie Marson

Number/Street/Apt ▼
36 Eastcastle Street

City/State/ZIP ▼
London  W1W 8DP  United Kingdom

*17 USC §506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

Form CA-Full   Rev: 07/2006   Print: 07/2006—-,000   Printed on recycled paper                    U.S. Government Printing Office 2006—-/-,-)